MARBURY LUMBER COMPANY v. BRIGGS-SHAFFNER COMPANY.

(Filed 31 October, 1923.)

**1. Contracts—Arbitration and Award—Evidence—Fraud—Instructions.**

Where there was conflicting evidence upon the trial of an action to recover the purchase price of lumber sold and acceptance refused upon the ground that it did not come up to specifications, as to whether the parties had agreed to be bound by the conclusion of an official inspector, it is not error for the judge to charge the jury that, in the absence of fraud in the procuring of the contract, to abide by the inspection, if the jury found that there was such contract, the defendant would be bound by the result, and should the jury so find, they need not consider defendant's testimony that the lumber did not come up to grade or quality called for in the original contract.

**2. Appeal and Error—Objections and Exceptions—Verdict—Issues—Immaterial Matter.**

Where a determinative fact at issue has been found by the jury, under proper instructions, for appellee, the exceptions of the appellant to the admission of evidence upon a different phase of the case becomes immaterial in the Supreme Court on appeal.

STACY and ADAMS, JJ., dissenting.

APPEAL by plaintiff from *Shaw, J.,* at May Term, 1923, of FORSYTH.

This action was brought upon sale of lumber by the plaintiff to the defendant. When the lumber arrived at defendant's place of business it was refused because alleged not to be up to contract as to grade, size and thickness. It was examined by the plaintiff's salesman and agent

and there is evidence that it was admitted by him that the complaint of the defendant was well founded and that it was within its rights in refusing to accept the lumber.

Some months thereafter a representative of the plaintiff asked to send an official representative to examine the lumber. There was conflicting testimony whether the inspector was to be the judge whether or not the lumber complied with the requirements. The plaintiff alleges in his complaint that there was a contract between the parties by which they agreed to abide by the decisions of the inspector, which was denied by the defendant.

The action was tried in Forsyth County Court in November, 1922, before *Starbuck, J.,* and the jury found upon the issues submitted that the defendant was indebted to the plaintiff $1,470.53, less freight. The evidence having shown that the amount of the freight was $179, judgment was rendered against the defendant for the difference, $1,291.53, and costs, on 25 November, 1922.

The defendant appealed to the Superior Court, and that court, after hearing the argument of the case on appeal and all exceptions sent up from the county court, reversed the judgment below and directed a new trial, from which the plaintiff appealed.

*Parrish & Deal and Ratcliff & Hudson for plaintiff.*
*Swink, Clement & Hutchins and Oscar O. Efird for defendant.*

CLARK, C. J. This case was tried in the Superior Court upon exceptions assigned in the appeal from the county court, and judgment was rendered by that court reversing the judgment of the court below.

It was alleged by the plaintiff that there had been an agreement to have the lumber inspected and that both sides abide by the result of that inspection. The plaintiff's cause of action was based solely upon that agreement, which it was alleged was entered into by the parties after the lumber had been refused by the defendant under the contract. This matter of an agreement to accept the result of the inspection was tried out in the county court, and the verdict of the jury sustained that contention.

The defendant in his brief says that the two points in controversy are whether or not the plaintiff and defendant agreed to the inspection and that the parties would be bound by the report of the inspection; and the other point was that even if the jury found as a fact that there was such an agreement, that by fraud or mistake or inadvertence the inspector in making the inspection did not inspect as to size and working.

The plaintiff assigns exceptions of error that the judge of the Superior Court had erred in finding that the judge of the county court had committed error in twenty particulars.

The 17th exception by the plaintiff is that the court erred in finding that the judge of the county court committed error in that he charged the jury as follows: "If you believe a contract was entered into by the plaintiff and defendant by which both agreed to an official inspection of the lumber in question, and that it was understood and agreed by the plaintiff and defendant that each was to abide by the report, and if there is no evidence of any fraud or deceit practiced by the defendant in obtaining said contract and agreement, and if said official inspection was made in accordance with agreement, the defendant, under the terms of its contract, as a matter of law, is bound thereby; and if you should find from the evidence that said contract was entered into as above set out and said inspection was made according to contract, you will not consider the evidence of the other witnesses tending to show that the lumber passed by the inspector did not come up to grade and quality called for by the original contract, you will answer the issue in favor of the plaintiff."

We think that the judge of the Superior Court erred in holding that this charge was erroneous, and this renders it unnecessary to consider the other exceptions, which are based upon the ground that the judge of the lower court committed error in permitting witnesses to testify as to matters which would have been pertinent only in the view that the jury had held that there was no agreement for inspection and report by the inspector.

We are of opinion that on the trial in the county court no errors were committed in the particulars named, and the verdict of the jury and the judgment thereon in the county court should have been sustained and the action of the Superior Court in reversing them should be set aside.

Reversed.

STACY and ADAMS, JJ., dissented.